JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No.: 2:23-cv-00415-DCN<br>Criminal No.: 2:20-cr-00052-DCN<br><br>**MOTION FOR AN ORDER CONCERNING ATTORNEY-CLIENT PRIVILEGE** |

The United States of America, by and through Joshua D. Hurwit, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney, submits this Motion for an Order Concerning the Attorney-Client Privilege, in response to Trina Marie Welch's petition for post-conviction relief under 28 U.S.C. § 2255.

Ms. Welch has filed a petition under Title 28 U.S.C. 2255, claiming, among other things, that her attorneys, Amy Rubin and Steve Roberts, were ineffective. (Dkt 1.)  The alleged grievance claims that Amy Rubin and Steve Roberts were ineffective by incorrectly advising Ms. Welch about the conduct she was pleading guilty to in her plea agreement, their failure to investigate and interview key witnesses, and her attorneys' failure to submit relevant financial information to the Court.  (Dkt 1, pp. 3-5.)  An answer to these three claims of ineffective assistance of counsel will require an inquiry with defense counsel.

MOTION FOR AN ORDER CONCERNING ATTORNEY-CLEINT PRIVILEGE - 1

For the Government to respond meaningfully, and for the Court to fairly adjudicate Ms. Welch's allegations, the Government submits that it is necessary to take the statements of the defense attorneys, Amy Rubin and Steve Roberts.  The Government submits that in order for the United States to address the petitioner's claims that she was misinformed about the conduct to which she was pleading in her plea agreement, and her attorneys' alleged failure to interview witnesses and provide pertinent financial documents to the Court, it is necessary to know why counsel decided to proceed in the manner evident from the record.  This may include communications between Welch and her attorneys.

Such communications between attorney and client are ordinarily privileged, and in some circumstances, the work-product of the defense.  However, the Government submits that Ms. Welch waived any right to assert the attorney-client privilege as to such communications and the work-product of defense here.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003)

The Ninth Circuit has held that a party impliedly waives the attorney-client privilege when:

> (1) the party asserts the privilege as a result of some affirmative act, such as filing suit:
>
> (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense.

*See Home Indemnity Co. v. Lane, Powell, Moss, and Miller, et. al.*, 43 F.3d 1322, 1326 (9th Cir. 1995).  The Government respectfully submits that the first two prongs of this test are clearly met.  Assuming the privileges are invoked, Ms. Welch has done an affirmative act by claiming that her attorneys failed to represent her properly.  Thus, Ms. Welch, through her own affirmative acts, placed potentially privileged statements in issue.

MOTION FOR AN ORDER CONCERNING ATTORNEY-CLEINT PRIVILEGE - 2

The remaining prong in the test – whether allowing the privilege would deny the opposing party access to information vital to its defense – is satisfied as well. The heart of this matter involves decision making about Ms. Welch's representation. The Government cannot respond to her allegations without questioning counsel about their representation. This could include privileged communications. Thus, the discovery of privileged communications between Ms. Welch, Ms. Rubin, and Mr. Roberts, may be vital to the Government's defense.

The Ninth Circuit has made it clear that the attorney-client privilege cannot be used "both as a sword and a shield." *United States v. Amlani*, 169 F. 3d 1195 (9th Cir. 1999). This case is an example of when the shield cannot be used – at least to the extent it would prevent the Government from responding to Ms. Welch's allegations. Without statements from Ms. Rubin and Mr. Roberts, the Court will be unable to properly evaluate Ms. Welch's claims of ineffective assistance of counsel. *See Henderson v. Heinze*, 349 F. 2d 67, 71 (9th Cir. 1965) (explaining that inquiries regarding counsel's knowledge are necessary when, without such inquiry, the court would be left only with the "bare assertions of the petitioner . . . ").

Accordingly, the Government moves for an order declaring a limited waiver of the attorney-client privilege so that we may inquire of attorneys Amy Rubin and Steve Roberts into Ms. Welch's specific allegations of ineffective assistance of counsel, and directing Attorneys Rubin and Roberts to answer material questions relevant to Ms. Welch's motion.

RESPECTFULLY submitted this the 2nd day of October, 2023.

    JOSHUA D. HURWIT
    UNITED STATES ATTORNEY
    By:

    *s/ Traci J. Whelan*
    TRACI J. WHELAN
    Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 02, 2023, the foregoing **UNITED STATES' MOTION FOR AN ORDER CONCERNING ATTORNEY-CLIENT PRIVILEGE** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy will be served on the following parties or counsel by:

| | |
|---|---|
| Trina M. Welch<br>Register Number 20301-023<br>FCI Phoenix<br>37910 N 45th Avenue<br>Phoenix, AZ 85086 | United States Mail, postage prepaid<br>Labeled "Special Mail – Legal Mail – Open only in the presence of the inmate." |

*s/ Carin Crimp*
Legal Assistant