UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No.:     2:23-cv-00415-DCN<br>Criminal No.: 2:20-cr-00052-DCN<br><br>**NOTICE OF FILING AND ORDER SETTING BRIEFING SCHEDULE** |

      Pursuant to Rule 3(b), Rules Governing Section 2255 Proceedings in the United States District Court, NOTICE IS HEREBY GIVEN that the above-named Petitioner has filed a motion pursuant 28 U.S.C. § 2255. Pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, and after initial review of the motion it is found that responsive briefing to the allegations of the Petitioner would aid the Court in resolving the pending motion. Upon receipt of the briefing, the matter will be reviewed by the Court. The Court will decide whether additional proceedings are necessary, and if so, the Court will notify the parties to request further briefing and/or set the matter for hearing.

      Petitioner has asserted a claim or claims for ineffective assistance of counsel. Specifically, she claims counsel was ineffective with their advice regarding the plea agreement, counsel failed to depose and examine key witnesses' testimony on her

behalf, and counsel failed to submit rebuttal documents at sentencing,

By filing a § 2255 petition containing ineffective assistance of counsel claims, a petitioner waives the attorney-client privilege as to communications related to ineffective assistance of counsel issues raised in the § 2255 motion. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). The scope of Petitioner's waiver arising from the claims of ineffective assistance of counsel raised in the § 2255 motion, if any, extends only to litigation of the instant § 2255 motion.

Nevertheless, the holder of the attorney-client privilege – the Petitioner, here – must be given an opportunity to choose between (1) moving forward with the ineffective assistance of counsel claims, understanding that his attorney-client privilege is waived as set forth above, or (2) withdrawing the ineffective assistance of counsel claims in order to preserve the attorney-client privilege.

Therefore, the parties shall adhere to the following schedule:

1. The Government shall file a Response within 90 days of this Order.

2. Petitioner is directed to file a notice, within 30 days of the date this order is entered, informing the Court as to whether she chooses to withdraw the ineffective assistance of counsel claims in order to preserve the attorney-client privilege.

3. If Petitioner fails to file such notice within 30 days of the date this order is entered:

    a. Petitioner will be deemed to have waived his attorney-client

      privilege as to communications related to the ineffective assistance of counsel claims raised in his § 2255 petition. This waiver will be effective without further order of the Court.

    b. Attorneys Amy Rubin and J. Stephen Roberts shall then make themselves available to answer material questions from the Government and prepare, or aid in the preparation of, an appropriate affidavit, according to the limits discussed above. The attorney shall make themselves available within the *earlier of:* (1) 30 days after Petitioner files the Notice discussed in Paragraph 1 *or* (2) 60 days after entry of this Order, assuming Petitioner does not file such a Notice.

4. Petitioner shall have 14 days after the filing of the written response to file any reply brief.

5. Upon receipt of the briefing or passage of the deadlines, the matter will be reviewed by to the Court. The Court will decide whether additional proceedings are necessary, and if so, the Court will notify the parties to request further briefing and/or set the matter for hearing.

IT IS SO ORDERED.

DATED: October 3, 2023

_____
David C. Nye
Chief U.S. District Court Judge

NOTICE OF FILING AND ORDER - 3