Trina Marie Welch
20301-023
Federal Prison Camp-Phoenix
37930 N. 45th Avenue
Phoenix. Arizona 85086
    Pro-Se

U.S. COURTS

FEB 27 2024

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CRIMINAL NO.; 2:20-CR-00052-DCN<br>CIVIL NO.:    2:23-cv-00415-dcn<br><br>AMENDED REPLY BRIEF TO THE<br>UNITED STATES RESPONSE OPPOSING<br>PETITIONER'S 28 U.S.C. § 2255 MOTION |

    To the Honorable Court comes the Plaintiff, Trina Welch, submits this brief in support of her **AMENDED REPLY BRIEF TO THE UNITED STATES RESPONSE OPPOSING PETITIONER'S 28 U.S.C. § 2255 MOTION.** Defendant does not have a law degree, I ask the Honorable Court to observe the holding in Haines v. Kerner, 404 U.S. 519 (1972).

    Where a plaintiff proceeds pro se, the Court must liberally construe the brief. Bernhardt v. Los Angeles County, 339 F. 3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally including pro se motions as well as complaints.") In fact, the Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (internal quotation marks and citations omitted).

    With that in mind, I wanted to bring to the Honorable Court's attention of a case I forgot to add in my last response of UNITED STATES OF AMERICA, Plaintiff- Appellee, v. David Christopher Mayhem, defendant- Appellant. UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT 995 F. 3d 171; 2021 U.S. App. LEXIS 11248 No. 19-6560 April 19, 2021, Decided and argued January 29, 2021. "Mayhem was not challenging only his restitution order, he also alleged that the same erroneous calculation affected his Guidelines sentencing range and hence his term of imprisonment. That claim is cognizable under § 2255, and we remand so that the district court may address it in the first instance." The Sixth Amendment right to ineffective assistance of counsel, "extends to the plea-bargaining process." Lafler v. Cooper, 566 U.S. 156, 162, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) hat is enough to put the question at issue. See United States v. Ray, 547 F. App'x 343, 346 (4th Cir. 2013) (per curiam) (holding that

petitioner's own assertion about counsel's advice during plea negotiations raised factual question." See United States v. White, 366 F. 3d 291, 302 (4th Cir. 2004) (explaining that "an evidentiary hearing is especially warranted" where allegations relate primarily to out-of-courtroom occurrences and require credibility determinations). United States v. Murillo, 927 F. 3d 808 816 (4th Cir. 2019) ("Giving dispositive weight to boilerplate language from a plea agreement is at odds with Strickland's fact-dependent prejudice analysis.") A "defendant convicted of" certain offenses, including mail and wire fraud, will be required to "make restitution to the victim of the offense." 18 U.S.C. §3663(a) (1). As we have explained, the MVRA focuses on "the offense of conviction when describing the losses subject to a restitution order." United States v. Newsome, 322 F. 3d 328, 341 (4th Cir. 2003). That means- and this much appears to be common ground- that the MVRA authorizes a court to order restitution only for losses that flow from "the specific conduct that is the basis of the defendant's offense of conviction." United States v. Freeman, 741 F. 3d 426, 435 (4th Cir. 2014) (internal quotation marks omitted); see Newsome, 322 F.3d at 341; see also Hughey v. United States, 495 U.S. 411, 413, 110 S. Ct. 1979, 109 L. Ed. 2d 408 (995 F. 3d 182) (1990) (holding that analogous restitution statute "authorize[s] an award of restitution only for the loss caused by the specific conduct that is the basis of the offense conviction"). Because the MVRA and governing case law "clearly spell out that restitution amounts must be tied to conduct for which a resulting conviction occurred." Mayhem concluded, "counsel was obligated to object" to the inclusion of these amounts under "prevailing professional norms" and "performed deficiently" when he failed to do so. J.A. 294-95. Mayhew's petition then turns to Strickland prejudice: "The prejudice that resulted from this substandard performance was in unlawful restitution." J.A. 295. And the same amount, Mayhew alleged also "was responsible for the 16-level enhancement" to his total offense levelunder § 2B1.1 (b)(1)(I) of the United States Sentencing Guideline," so that counsel's deficient performance resulted in both" an enhanced guideline range and {2021 U.S. App. LEXIS 22} a heightened restitution amount." Id. Mayhew finished by asking that the court "vacate the restitution order."" Mayhem is in custody for purposes of §2255, as he is serving a term of incarceration. And his restitution order is an "aspect of his sentence..." that might "comfortably" fall within the meaning of "sentence" under §2255 kaminski v. United States, 339 F. 3d 84, 86 (2d Cir. 2003) (holding that challenges to restitution orders are not cognizable under {2021 U.S. App. LEXIS 23} § 2255). See also Blaik v. United States, 161 F. 3d 1341, 1342 (11th Cir. 1998) ("A reduction in restitution is not a release from custody.") In short, the "plain and ambiguous language of the statute-[a] prisoner in custody...claiming the right to be released- precludes a restitution challenge." United States v. Bernard, 351 F. 3d, 360, 361 (8th Cir. 2003). The Sixth Circuit in Weinbereger v. United States, 263d 346, 351 n.1 (2001), allowed an ineffective assistance challenge to a restitution order to proceed under § 2255. United States v. Luessenhop, 143 F. App'c 528, 531 (4th Cir. 2005)(per curiam). The same restitution calculation was responsible for the sentencing enhancement of the base level under the Sentencing Guidelines, which {2021 U.S. App. LEXIS 25} in turn led to higher Guidelines sentencing range. Ineffective assistance claim, in other words challenges both his restitution order and his prison term-and the second of those challenges, unlike the first, is cognizable under § 2255. See Carthorne, 878 F. 3d at 469-70 (reviewing § 2255 ineffective assistance claim alleged to have affected Guideline sentencing range). See, e.g. , Molina-Martinez v. United States, 136 S. Ct. 1338, 1345, 194 L. Ed. 2d 444 (2016) (holding that when a defendant is sentenced under an incorrect Guidelines range- even if the actual sentence falls outside the range- the error itself most often will establish a "reasonable probability of a different outcome" absent the error).

**AMENDED REPLY BRIEF TO THE UNITED STATES RESPONSE OPPOSING PETITIONER'S 28 U.S.C. § 2255 MOTION**

The court will hopefully recognize that familiar rule will be noted, as Mayyhew's restitution order erroneously includes amounts associated with charges of which he was not convicted, and if that restitution error was mirrored in the loss amount used to calculate Mayhew's base offense level under the Sentencing guideline, and if the error is to a higher Guideline range than there is makings of an ineffective assistance of counsel.

## CERTIFICATE AND PERSONAL OATH

I hereby certify that the above statements contained herein are true and correct to the best of my knowledge, information, and belief.

Respectfully submitted this 23rd day of February, 2024.

*[signature]*
TRINA WELCH- PRO-SE

# **CERTIFICATE OF SERVICE**

I DECLARE (OR CERTIFY, VERIFY, OR STATE) UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS Amended response was placed in the prison mailing system on February 23, 2024 and mailed to the following:

Executed (signed) on February 23, 2024

_____
Signature of Movant

| | |
|---|---|
| JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527<br>UNITED STATES ATTORNEY<br>WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709<br>KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095<br>TRACI J. WHELAN, IDAHO STATE BAR NO. 4416<br>ASSISTANT UNITED STATES ATTORNEYS<br>DISTRICT OF IDAHO<br>1290 W. MYRTLE STREET, SUITE 500<br>BOISE, IDAHO 83702<br>TELEPHONE: (208)334-1211 | Mailed in Prison Mailing System |

AMENDED REPLY BRIEF TO THE UNITED STATES RESPONSE OPPOSING PETITIONER'S 28 U.S.C. § 2255 MOTION