JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case Nos. 2:20-CR-00052-DCN<br>2:23-CV-00415-DCN<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S FILING ENTITLED: TO BRING AWARENESS TO THE HONORABLE COURT AND A CLAIM TO DISMISS THE LOWER COURTS JUDGEMENT[1]** |

The United States of America hereby responds to the filing by Trina Welch

("Defendant") entitled "To Bring Awareness to the Honorable Court and a Claim to Dismiss the

Lower Courts [sic] Judgement" filed at ECF No. 140 ("Filing").

I.      **INTRODUCTION**

In the Filing, Defendant asks the Court to dismiss and enjoin the civil judgment obtained

by Kasco of Idaho, LLC and Keith Sims in Idaho state court and apparently enforced in Montana

after domesticating the judgment in Montana state court.  Defendant asks for relief for an

---

[1] Defendant Trina Welch spells judgment with an "e" after the "g," which is not customary in the United States and in legal documents.  The undersigned will not point this out further and will spell it the way Defendant does when quoting her.

assortment of reasons, many of which are hard to understand and decipher, but her main reason

seems to be that she believes it is inappropriate to have a criminal restitution order in favor of a

victim and to have a victim obtain a civil state-court judgment for the same conduct, and she

argues that the enforcement of the state-court judgment through state-court proceedings is

somehow inconsistent with or harms the criminal judgment and related orders in this case.[2]  The

federal criminal judgment includes a restitution order for the victims' losses and a forfeiture

money judgment for Defendant's gains and the forfeiture of real properties associated with

proceeds from the crime.  The relief Defendant seeks is not appropriate, for numerous reasons,

including: (1) that Defendant cites no jurisdiction for the Court to address the Filing and no

authority to grant the relief sought; (2) that the victim of the criminal offense has the right to seek

---

[2] The following are portions of the Filing where Defendant seems to articulate the relief she seeks.  "Trina Welch would like to ask the higher court to drop the lower court's judgement as it mimic's [sic] the exact same judgement that was awarded in the federal court, causing intentional vindictive, and on-going harm with multiple courts over the same claims and judgment already being taken care of in the Federal Court and is currently being challenged and could change the outcome, it is confusing that two courts are involved on the same judgement and now Keith Sims involved a third court."  ECF NO. 140 at 1.  She also states that "Keith Sims did this and added additional unnecessary attorney fees and caused additional and intentional harm on a judgment that Trina Welch already has in the Federal Court and added new additional attorney fees of somewhere around $24,000.00, and this should not have happened as it was a same judgement as federal . . . ."  ECF No. 140 at 3.  "Trina Welch is confused how this is legal to have this judgement when the same judgement is in a different court, and now causing additional harm and damage is taking place in a different court while challenging the federal judgement and multiple Judges and Courts is causing a mess and confusion."  ECF NO. 140 at 3.  "'Good Cause' exists in the appeals in Federal Court and to Amend/Dismiss Judgement and the Federal Jurisdiction is where this is happening and should override the lower courts on the same exact claims and judgement."  ECF No. 140 at 4.  "Trina Welch is asking the Federal District Court to overturn an injurious state court judgment."  ECF No. 140 at 5 (internal quotation marks omitted).  "The Foreign Judgement filed should be dismissed for lack of subject matter Jurisdiction as it is already involved in a different Jurisdiction and court with the false information given that a debt to one party to another and commanding the court officer to take property is satisfaction of the debt.  The debt is being handled in a different Jurisdiction and court . . . ."  ECF NO. 140 at 5.  "Trina Welch has a right to relief and is asking the Federal Honorable Court to Dismiss the same claim and judgement in a lower court, that is causing other courts from jurisdiction to be involved."  ECF No. 140 at 7.

a civil state court judgment and enforce that judgment to recover losses; and (3) that a victim's collection of losses aids the government by allowing the government to use its limited resources in other cases to assist victims be made whole after sustaining losses from crime.

## II.   BACKGROUND

On February 19, 2020, Defendant was indicted for fifteen counts of wire fraud related to a scheme to defraud Kasco of Idaho, LLC and its owner Keith Sims for an amount of approximately $3.6 million.  ECF No. 1.  A forfeiture allegation was included in the indictment for a money judgment of approximately $3.6 million and the forfeiture of seven parcels of real property.  *Id.*  On January 13, 2022, Defendant signed a plea agreement in which she pleaded guilty to count six of the indictment and admitted the forfeiture allegation.  ECF No. 45. Defendant agreed to pay and be ordered to pay restitution in the full amount of the victims' losses, agreed to the forfeiture of six parcels of real property, and agreed that the United States would seek a forfeiture money judgment of at least $3,674,338.86.  *Id.*  Defendant entered a guilty plea to the Court.  ECF No. 48.  The Court entered a preliminary order of forfeiture for six parcels of real property.  ECF No. 52.  On September 16, 2022, after an evidentiary hearing and a sentencing hearing, the Court entered a restitution order in the total amount of $3,678,642.62, with $2,678,642.62 ordered to Kasco of Idaho, LLC and Keith Sims, its owner, and $1,000,000.00 to Alaska National Insurance.  ECF Nos. 87, 88, and 93.  A criminal forfeiture money judgment was also entered in the amount of at least $3,674,338.86.  ECF No. 90.

On October 10, 2023, Kasco of Idaho, LLC and Keith Sims obtained a judgment in the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone in the amount of $2,674,338.00 together with attorney fees and costs of $23,211.61 against Trina Welch and her marital community.  ECF No. 140 at 15.  It appears that the Idaho

state court judgment was domesticated in the Montana Fourth Judicial District Court for Mineral County.  ECF No. 140 at 1.

## III.    DISCUSSION

The relief sought by Defendant in the Filing must be denied, for numerous reasons, including those articulated below.[3]

### A.    Defendant fails to articulate the Court's jurisdiction

Defendant has not explained why the Court has jurisdiction to address her Filing. Defendant did not appeal her conviction and waived that right in her plea agreement.

Restitution and monetary penalties are part of a defendant's sentence. They may be raised on direct appeal but are otherwise waived.  *United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

Defendant seems to suggest that the apparent enforcement of an Idaho state-court judgment in Montana (i.e., crossing state lines) somehow grants this Court jurisdiction to address her claims because it involves two States.  The undersigned is not aware of a reason why this would give the Court jurisdiction to interfere with the enforcement of an Idaho state-court judgment even if it is enforced in Montana.

Regardless, Defendant asks the Court to dismiss the claim and judgment entered by the District Court of the First Judicial District of the State of Idaho, in and for the County of Shoshone (*see* ECF No. 140 at 15) and related state-court proceedings to collect the state-court judgment.  This Court has no jurisdiction in this matter.

---

[3] Defendant is incarcerated and, thus, any knowledge of what she articulates in her Filing must be from third-party conversations and communication.

UNITED STATES' RESPONSE TO DEFENDANT'S FILING - 4

Defendant cites the Supreme Court case of *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005), to ask this Court "to 'overturn an injurious state court judgment.'"  ECF No. 140 at 5 (citing *Exxon Mobil*, 544 U.S. at 291-92).  Defendant's reading of the case and citation of it for what she requests are wrong.  *Exxon Mobil* supports the reasons why this Court has no authority to disrupt the state court judgment and collection proceedings in this matter.  The Supreme Court in *Exxon Mobil* articulated that Congress has conferred concurrent jurisdiction in federal courts and in state courts and created preclusion law pursuant to 28 U.S.C. § 1738.  *Exxon Mobil*, 544 U.S. at 283.  It then reviewed the two cases that have created what is known as the *Rooker-Feldman* doctrine, which is almost never used.  *Id.*  The Supreme Court reviewed what it had held in the two cases making up the *Rooker-Feldman* doctrine, as follows:

> Holding the federal suits impermissible, we emphasized that appellate jurisdiction to reverse or modify a state-court judgment is lodged, initially by § 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in this Court. Federal district courts, we noted, are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints, we observed, essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, i.e., properly dismissed for want of subject-matter jurisdiction.

*Id.* at 283-84.  In the end, there are very limited circumstances when federal courts can reverse a state-court judgment, and none of those circumstances exist here.

**B.    Victims may obtain civil state-court judgments and enforce such judgments through state-court proceedings**

Victims of crime may seek their own civil remedies and judgments in state court based on the same or similar conduct and losses as those associated with a federal criminal case.  *See* 18 U.S.C. § 3664(j)(2) and (l).  Congress recognized this in the federal restitution statutes, namely 18 U.S.C. § 3664.  In 18 U.S.C. § 3664(j)(2), it states as follows:

Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—

(A) any Federal civil proceeding; and

(B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j)(2).  "The purpose of § 3664(j)(2) is to prevent double recovery by a victim."

*United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002).  Section 3664(j)(2) "only comes into

play after the district court has already ordered restitution in the full amount of the victim's loss."

*United States v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004) (internal quotation marks omitted).

In addition, 18 U.S.C. § 3664(l) provides as follows:

A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

18 U.S.C. § 3664(l).  Therefore, federal law expressly recognizes that victims may seek relief

through state court civil proceedings and that any recovery by the victim will reduce the

restitution amount.

Courts have recognized the right and ability of a victim to seek state court civil

judgments and recover losses through state court civil proceedings.

[T]he MVRA does not prohibit victims from bringing a civil suit after they have been awarded restitution. *Doe v. Hesketh*, 828 F.3d 159, 168 n.10 (3d Cir. 2016). As the Third Circuit has explained, "Congress not only contemplated that a victim who had received restitution could file a subsequent civil action, but also provided procedures for that very situation." *Id.* at 169.  Federal law provides that "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in ... any Federal civil proceeding" and in "any State civil proceeding, to the extent provided by the law of the state." 18 U.S.C. § 3664(j)(2).

*Chestnut St. Consol., LLC v. Dawara*, 619 F. Supp. 3d 489, 513 (E.D. Pa.), judgment entered,

619 F. Supp. 3d 521 (E.D. Pa. 2022); *see also United States v. Edwards*, 595 F.3d 1004, 1013

(9th Cir. 2010) ("[T]he amount of restitution is offset by any other amounts the victim later

recovers for the same loss in civil proceedings.") (citing 18 U.S.C. § 3664(j)(2)).

> As the Third Circuit has explained "[a] subsequent civil action allows a victim to
> fully litigate the question of her damages to achieve compensation for the full
> amount of her damages," *id.*, as victims are not "required to participate in any
> phase of a restitution order." 18 U.S.C. § 3664(g)(1). This is especially true
> because "[n]otwithstanding the rights reflected in the restitution statutes, crime
> victims are not parties to a criminal sentencing proceeding." *United States v.
> Stoerr*, 695 F.3d 271, 276 (3d Cir. 2012) (quoting *United States v. Aguirre-
> Gonzalez*, 597 F.3d 46, 53 (1st Cir. 2012)).
>
> Thus, as provided by both federal and state law, Plaintiff is not precluded from
> separately recovering civil damages. And, Defendants do not point to any
> authority that would preclude the Court from entering a judgment for the value of
> the properties transferred pursuant to 12 Pa. C.S. § 5108(b)(1), (c). Again,
> Plaintiff will be able to collect on its state court judgment, but will not be entitled
> to double damages because any damages Plaintiff receives by executing on the
> state court judgment will be offset by any restitution awarded.  In fact, in entering
> judgment, the Court of Common Pleas provided that compensatory damages shall
> be offset by the restitution Plaintiff is expected to receive.  *See* Pl. Exs. P13, P1C,
> ECF Nos. 129-1, 129-2.

*Chestnut St. Consol.*, 619 F. Supp. 3d at 514.  In addition, the Ninth Circuit has recognized that

victims of crime may seek a judgment in a civil court proceeding or they can rely on the

alternative of the restitution order, but it is up to them.  *See United States v. Kovall*, 857 F.3d

1060, 1072 (9th Cir. 2017).  Regardless, victims can seek damages in a civil case.  *Id.*

Here, the main victim of Defendant's criminal case has sought and received a state court

civil judgment and apparently has sought recovery through civil state court proceedings.  That is

allowed.

### C.     The victim's enforcement of the state-court judgment does not impede the Court's restitution and forfeiture orders in this case

The victim's enforcement of its state court civil judgment is not an impediment to the

Court's criminal judgment and orders.

Starting with forfeiture, as the Court knows, the U.S. Attorney's Office has forfeited real properties associated with Defendant.  Final orders of forfeiture have been issued; however, Norman Welch has appealed the Court's decision to dismiss his claims in the forfeiture ancillary proceeding as to 519 E Walnut and the Montana real property.  Notwithstanding, the alleged actions of the victim to collect on a state-court judgment against personal property of Defendant and Mr. Welch does not impede or affect the United States' completed and pending forfeiture actions.  While the United States has a forfeiture money judgment, it has not sought to recover the personal property at issue here under the substitute assets provisions of 21 U.S.C. § 853(p). Moreover, forfeited assets in this case will likely be used to compensate the victim of Defendant's crime.  Therefore, having the victim recover losses based on a state court judgment and through associated collection proceedings advances the ultimate goal of the United States to help the victim recover losses caused from the crime.

Similarly, while there is a large restitution order in this case against Defendant, victims may collect state court judgments on their own, as noted above.  The U.S. Department of Justice is charged with enforcing restitution orders, but that does not mean that a victim cannot collect a civil judgment obtained from the same or similar conduct underlying the criminal conviction. The main purpose of a restitution order is to make a victim whole.  If the victim is able to accomplish that (or even partially collect) without the assistance of the government, then such victim's efforts allow the allocation of the Department of Justice's limited resources to other restitution collection and forfeiture matters that may assist other victims recover losses.

## IV.     OTHER MISCELLANEOUS POINTS

Defendant cites Federal Rule of Civil Procedure 69(a)(1) for the erroneous proposition that it requires that the federal government enforce the restitution order and the victim in the case

cannot use state law to enforce the victim's state-court civil judgment. Defendant is wrong, as articulated above.

Defendant cites 42 U.S.C. § 1983 and asserts her rights have been violated. A motion in this case is not the forum or the proper method of raising such claims.

Moreover, Defendant alleges various violations of Montana law as it relates to the collection proceedings. Such allegations are not for this Court to weigh in on.

Similarly, if Defendant has other concerns related to an apparent enforcement procedure taken through state-court proceedings, asserting her arguments here is inappropriate. She should seek relief from the court that issued the collection/enforcement orders or the appellate court with jurisdiction over that court.

While this Court is not the proper forum to address Defendant's concerns in this situation, the United States also informs the Court that it will not address the specifics of Defendant's allegations as to what allegedly took place and what was allegedly taken because, first and foremost, the United States was not the party enforcing a judgment and does not have the requisite knowledge of the situation.

In addition, Defendant implies that the victim should not be allowed to collect on its state-court judgment when Defendant is making monthly payments toward restitution and properties are being sold. *See* ECF No. 140 at 4. That is wrong and shows her misunderstanding of the situation. "All monetary penalties are due and payable immediately." ECF No. 87 and 91 at 107. "Payment [is] to begin immediately . . . ." ECF No. 93. Moreover, the Court-ordered payment schedule is not the exclusive plan for payment and is a minimum payment that does not impede collection of the losses. *United States v. Robison*, No. 4:13-cr-00118-BLW, 2014 WL

5810919, at *1-2 (D. Idaho 2014); *United States v. Kuehler*, No. CR-05-60-E-BLW, 2006 WL 2981831, at *2 (D. Idaho Oct. 16, 2006).

## V.    CONCLUSION

In sum, the relief sought by Defendant in the Filing must be denied.  Defendant provides no proper jurisdictional ground for the Court to do what she asks the Court to do.  The victim (Kasco of Idaho, LLC and Keith Sims) has the right to seek and obtain a state-court civil judgment and to enforce such judgment.  If the recovery through a state-court judgment and associated state-court collection proceedings relates to the same loss sustained by the victim as recognized in a federal criminal restitution order, then the amount of restitution will be reduced accordingly to avoid double recovery.  18 U.S.C. § 3664(j)(2).  Lastly, a victim collecting losses sustained from a crime through a state-court judgment enforcement, which is apparently what has occurred here, is not only allowed but also assists the government by allowing its limited resources to be allocated to other cases where victims may not have the ability to do their own collection.

DATED this 21st day of March, 2024.

> JOSHUA D. HURWIT
> UNITED STATES ATTORNEY
> By:
> */s/ William M. Humphries*
> WILLIAM M. HUMPHRIES
> Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2024, the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S FILING ENTITLED: TO BRING AWARENESS TO THE HONORABLE COURT AND A CLAIM TO DISMISS THE LOWER COURTS JUDGEMENT** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following by U.S. First-Class Mail, postage prepaid:

Trina Welch
FCI-Federal Phoenix Satellite Camp
3790 N. 45th Avenue
Phoenix, Arizona  85086
*Pro Se Defendant*

*/s/ Christina Willoughby*
Christina Willoughby
FSA Paralegal