JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
WILLIAM M. HUMPHRIES, IDAHO STATE BAR NO. 11709
KEVIN T. MALONEY, IDAHO STATE BAR NO. 5095
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRINA MARIE WELCH,<br><br>Defendant. | Case Nos. 2:20-CR-00052-DCN<br>                2:23-CV-00415-DCN<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S FILING ENTITLED: MOTION ASKING THE HONORABLE COURT AND MARSHAL SERVICE FOR CASE BREAKDOWN AND INFORMATION THE STATUS REGARDING CASES** |
|---|---|

The United States of America hereby responds to the filing by Trina Welch ("Defendant") entitled "Motion Asking the Honorable Court and Marshal Service for Case Breakdown and Information the Status Regarding the Cases" filed at ECF No. 148 ("Filing"). The Filing also includes a citation to the civil case number 2:23-cv-004154 and is docketed at ECF No. 21 in that civil case.  The Government is responding to the Filing in this criminal docket.

To start, the Filing is difficult to follow and difficult to understand what relief is being sought.  The title of the Filing suggest that the relief sought is information and a status update

UNITED STATES' RESPONSE TO DEFENDANT'S FILING - 1

from the U.S. Marshals Service ("USMS") and the Court. However, the body of the Filing mostly discusses collection efforts by the victim of the crime, Keith Sims, which is being done through state-court proceedings and efforts. The collection effort of Mr. Sims is generally not a topic or issue that the Government will address. The Government will attempt to respond or perhaps more accurately characterized, provide information that may be helpful to the parties and the Court. With that in mind, the following information will hopefully help all involved and clarify apparent points of confusion.

I.   **BACKGROUND**

On February 19, 2020, a grand jury indicted Defendant Trina Welch on fifteen counts of wire fraud in violation of 18 U.S.C. § 1343. ECF No. 1. The Indictment also included wire fraud forfeiture allegations. *Id.* at 6. The allegations gave notice that Defendant would forfeit any and all proceeds obtained directly or indirectly as a result of her crimes, which would be at least $3,600,000. *Id.* at 6-7. The forfeiture allegation then provided notice that at least seven parcels of real property may be forfeited. *Id.* at 7-8.

In a previous decision and order, the Court has summarized well additional background as follows:

> The underlying facts of Trina's criminal conduct can be summarized as follows: Trina embezzled funds from her employers, Kasco of Idaho, LLC, and Kasco Communications, LLC, (owned by Sims; collectively "Kasco"), and directed those fraudulent proceeds through her credit cards and bank accounts to pay for her personal expenses including, among other things, numerous properties held under her and related parties' names. Id. at 3. The scheme occurred between 2013 and July 2019, and included Trina directing at least 341 fraudulent checks from Kasco's bank accounts into her own accounts in the amount of approximately $3.6 million. [ECF No. 1 at 3–4].
>
> On January 14, 2022, Trina entered into a plea agreement with the Government in which she agreed to plead guilty to count six of the Indictment. Dkt. 45. Trina also admitted the asset forfeiture allegation in the Indictment.[] *Id.* at 6–9. [The forfeiture allegations were amended by the Government, removing one property from the list in the Indictment and limiting the listed properties to six. Dkt.

> 32.] Ultimately, the Court sentenced Trina to 51 months of incarceration and ordered she pay $3,678,642.62 in restitution to Sims and Kasco, who were the identified victims of Trina's fraud. Dkt. 93.
>
> During the pendency of the criminal case, the Government sought a Preliminary Order of Forfeiture related to six parcels of real property. Dkt. 51. A Preliminary Order of Forfeiture was entered on March 2, 2022.[] Dkt. 52. . . .

Memo. Dec. and Order, ECF No. 113 at 2-3.

In addition, the Government sought, and the Court entered, a forfeiture money judgment in the amount of $3,674,338.86. Motion, ECF No. 83; Money Judgment Order, ECF No. 90.

Various parties filed petitions in the forfeiture ancillary proceedings related to the six parcels of real property. All petitions were resolved by stipulations or court order. Norman Welch has appealed the Court's decision dismissing his petitions as to the Montana Property and 519 E. Walnut Ave., Osburn, Idaho. That appeal is ongoing.

Notwithstanding, there was no appeal or challenge to the final orders of forfeiture filed relating to four of the six parcels of real property forfeited in the criminal case and there was no appeal of the forfeiture money judgment. The USMS has taken custody of the four real properties and sold, or is in the process of selling, those properties as forfeited properties in accordance with the applicable final orders of forfeiture.

## II.    DISCUSSION

    **A.**    The Government has no comment on the timing of a ruling on Defendant's 2255 petition or on her motion to dismiss in the criminal case.

The Government has no comment on the timing of a ruling from the Court on the 2255 petition and motion mentioned in bullet point "1)" on page 2 of the Filing. The timing is up to the Court. The Government believes the issues have been fully briefed.

    **B.**    Information that may be helpful to bullet point "2)" of the Filing and the discussion thereafter.

UNITED STATES' RESPONSE TO DEFENDANT'S FILING - 3

On page two of the Filing, there is a numbered paragraph labeled "2)" and discussion that follows. The Government will attempt to present information that may clarify misunderstandings and help the parties and the Court on the issues presented.

1. 18 U.S.C. § 3664(m)(1)(B) provides that steps may be taken to create a lien based on the restitution order in favor of the victim.

First, the Government has no comment regarding the efforts, validity, or appropriateness of Mr. Keith Sims in collecting amounts that may be owed to him under State law other than to point out that if the judgment being collected is the restitution order in this case, 18 U.S.C. § 3664(m)(1)(B) provides that steps may be taken to create a lien based on the restitution order in favor of the victim on property of the defendant in States where the property is located and collected under State law. *See* 18 U.S.C. § 3664(m)(1)(B). If Mr. Sims has a separate state-court judgment, then the Government provides no comment and does not believe the Court has jurisdiction to oversee collection of state-court judgments by the victim.

2. Restitution amounts should be reduced by amounts later recovered by victims for the same loss through Federal or State civil proceedings.

Under federal restitution law, a victim may obtain separate state-court civil judgments for the same or similar conduct as that underlying criminal restitution. *See* 18 U.S.C. § 3664(j)(2) and (l). However, "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in—(A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(l). The Government is unaware of the amount paid to the victim through any potential victim collection efforts through State civil proceedings. The Government understands that the victim, Mr. Sims, has used State civil proceedings to execute on personal property, but it is unaware of the amount ultimately paid to the victim and if those amounts are "recovered as compensatory damages for the same loss by the victim . . . ." *See* 18

U.S.C. § 3664(j)(2).  If the requirements of 18 U.S.C. § 3664(j)(2) are met, the amount paid should be credited against (*i.e.*, the amounts paid to the victim should reduce the balance of) the federal criminal restitution amount owed by Defendant.

        3.        The restitution may be collected regardless of the monthly payment schedule.

The payment schedule in the judgment is a floor of the amount that must be paid for restitution monthly and does not restrict the collection of the full amount of the restitution ordered.  The Court ordered that "[a]ll monetary penalties are due and payable immediately," and that any payment schedule "does not preclude collection efforts under 18 U.S.C. § 3613." Minutes of Sentencing, ECF No. 87.  Moreover, the U.S. District Court for the District of Idaho has held multiple times that a restitution payment schedule is a minimum monthly payment and does not bar collection of the entire restitution amount.  *United States v. Robison*, No. 4:13-cr-00118-BLW, 2014 WL 5810919, at *1-2 (D. Idaho 2014); *United States v. Kuehler*, No. CR-05-60E-BLW, 2006 WL 2981831, at *2 (D. Idaho Oct. 16, 2006) ("A defendant against whom an order of restitution is ordered shall make payment immediately unless the court orders otherwise. However, any schedule established by a court for payment of restitution does not prevent the United States from levying on a defendant's property to satisfy the order of restitution.") (internal citations omitted).  Thus, any argument, express or implied, in the Filing that restitution collection is limited to Defendant's monthly payment schedule is wrong.

        4.        Forfeiture and restitution are mandatory and separate.  They are both due and owing by Defendant, separately.

Forfeiture and restitution are mandatory and separate.  There are numerous cases that hold as much,[1] but one Ninth Circuit case states it particularly well.  In *United States v. Newman*,

---

[1] *See, e.g., United States v. Channon*, 973 F.3d 1105, 1112 (10th Cir. 2020) ("criminal forfeiture and restitution are separate remedies with different purposes"; awarding forfeiture equal to

659 F.3d 1235, 1240 (9th Cir. 2011), the Ninth circuit stated that "the district court has no discretion to reduce or eliminate mandatory criminal forfeiture." *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011), *abrogation on other issues recognized sub nom. United States v. Kwok Cheung Chow*, 772 F. App'x. 429 (9th Cir. 2019). It went on to state that "[c]riminal forfeiture is also separate from restitution, which serves an entirely different purpose." *Id.* at 1241. "Defendants must pay both restitution and criminal forfeiture[ and] that result is not an impermissible 'double recovery.'" *Id.*

> 5. Amounts forfeited are property of the United States, and the Attorney General of the United States, or his designee, has exclusive discretion whether to pay forfeited amounts toward restitution. Neither the Court nor Defendant can require forfeited property to be paid toward restitution.

The Attorney General of the United States has discretion to apply forfeited funds to restitution (under 21 U.S.C. § 853(i) and 18 U.S.C. § 981(d) & (e)(6)). *United States v. Pescatore*, 637 F.3d 128, 137 (2d Cir. 2011). Courts do not have authority to credit or offset forfeiture against restitution or vice versa, and defendants may not move for such relief. *See United States v. Channon*, 973 F.3d 1105, 1113 (10th Cir. 2020) ("Statutes mandating restitution and forfeiture do not allow a defendant's payments toward one to offset the amount owed to the other."); *United States v. Arnold*, 878 F.3d 940, 945 (10th Cir. 2017) (defendant is not entitled to an order directing that forfeited funds be used to compensate victims of his fraud, offsetting total amount owed for forfeiture and restitution; forfeiture and restitution are both mandatory); *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014) ("Although it is not bound to do so, the

---

restitution does not amount to double recovery); *United States v. Hernandez*, 803 F.3d 1341, 1343–44 (11th Cir. 2015) (court is required by law to order both forfeiture and full restitution; "[where] multiple criminal punishments are statutorily authorized for the same offense, but do not occur in successive proceedings, there is no Double Jeopardy Clause violation").

government has the discretion to use forfeited assets to restore a victim whom the defendant has failed to compensate").

> 6. The funds from forfeiture of real properties will not be offset or applied against restitution unless and until the Attorney General or his designees (which is the Money Laundering and Asset Recovery Section of the DOJ) decide as much.

Here, real properties have been forfeited and those forfeitures reduce the amount of forfeiture owed by Defendant, but the funds from such forfeitures do not and will not reduce Defendant's restitution balance unless the Money Laundering and Asset Recovery Section ("MLARS") of the DOJ, the designee of the Attorney General, makes a discretionary decision to pay those funds toward restitution. The U.S. Attorney's Office plans to recommend such a restoration from forfeiture to restitution, but MLARS must approve, and all properties must be forfeited and the appeals dealing with those funds finished before MLARS will consider a request.

> 7. Defendant may not intervene in the forfeiture proceeding and the restitution order is final.

Defendant may not intervene in the forfeiture proceeding and the restitution order is final. Federal Rule of Criminal Procedure 32.2(b)(4)(A) provides that the preliminary order of forfeiture became final for Defendant at sentencing. *United States v. Mendez*, No. 23-914, 2024 WL 865996 (9th Cir. Feb. 29, 2024) ("preliminary order of forfeiture became final as to [defendant] when he was sentenced and did not appeal the order"; "Accordingly, [defendant] lacked standing to challenge the final order of forfeiture"). The restitution order is likewise a final order that was not appealed. 18 U.S.C. § 3664(o).

### III.   CONCLUSION

The Government is not sure what relief Defendant seeks in her Filing. The above information, however, hopefully helps the parties and the Court to understand the situation. If

UNITED STATES' RESPONSE TO DEFENDANT'S FILING - 7

Defendant seeks to require forfeited funds be applied to restitution, the Government objects. That is a discretionary decision solely for the Attorney General. If Defendant would like information on what has been forfeited and the proceeds of such, she can reach out to the U.S. Attorney's Office and the USMS to discuss. Filing a motion is not an appropriate or efficient means of obtaining information. If Defendant seeks some sort of order or relief from the Court to stop or limit the victim from state-court collection actions, the Government does not believe the Court has jurisdiction over the state-court proceedings. If the victim has been paid amounts through state-court proceedings and those amounts are for the same damages as the federal criminal restitution order, then the federal criminal restitution order should be credited for the amounts the victim has received.

DATED this 25th day of September, 2024.

          JOSHUA D. HURWIT
          UNITED STATES ATTORNEY
          By:
          */s/ William M. Humphries*
          WILLIAM M. HUMPHRIES
          Assistant United States Attorney

UNITED STATES' RESPONSE TO DEFENDANT'S FILING - 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2024, the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S FILING ENTITLED: MOTION ASKING THE HONORABLE COURT AND MARSHAL SERVICE FOR CASE BREAKDOWN AND INFORMATION THE STATUS REGARDING CASES** was electronically filed with the Clerk of the Court using the CM/ECF system and was served on the following by U.S. First-Class Mail, postage prepaid:

Trina Welch
P.O. Box 82
Saint Regis, MT 59866
*Pro Se Defendant*

           */s/ Christina Willoughby*
           Christina Willoughby
           FSA Paralegal