JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TRINA MARIE WELCH,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 2:23-cv-00415-DCN<br><br>**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION FOR DISCOVERY AND APPOINTMENT OF COUNSEL** |

The United States of America, by and through Joshua D. Hurwit, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, hereby submits the following response to Petitioner's Motion for Discovery and Appointment of Counsel. (DKT 28.)

## BACKGROUND

As this Court noted in its December 20, 2024, Memorandum Decision and Order, the factual background of the underlying criminal case is well known to the parties. (DKT 27.) The United States submits that the background to the underlying criminal case is also relatively

simple and incorporates the factual and procedural background found in its Response to Petitioner's 28 U.S.C. § 2255 motion filed January 25, 2024. (DKT 12.) Welch has been a prolific litigant in magistrate, district and appellate courts. The bulk of her focus relates to her relationship with the victim in the case, the notion that she is a victim of a wrongful prosecution, and that the victim is not entitled to Court ordered restitution. (DKT 27, p. 3.) This Court has the Motion for Relief pursuant to 28 U.S.C. § 2255 under advisement and has received briefings and affidavits in support of the parties' positions. Now Petitioner is seeking to engage in discovery and have the Court appoint her counsel. (DKT 28.) Based upon her pleadings and the totality of the circumstances of which the Court is aware, having presided over the entire case, the Court should deny the motion.

## **ANALYSIS**

The Supreme Court submitted proposed rules and forms governing proceedings under Section 2254 and Section 2255 to Congress on April 26, 1976. Congress then exercised its power under the Rules Enabling Act to suspend their implementation. The Rules Governing Section 2254 and Section 2255 Proceedings, as amended by Congress, became federal law on September 28, 1976, and were made applicable to petitions filed under Section 2254 and motions filed under section 2255 on or after February 1, 1977. Pub. L. No. 94-426. The rules were last amended in 2019.

Petitioner cites to Rule 6 of the Rules governing Section 2255 Proceedings. Rule 6 provides:

> Rule 6. Discovery (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law. If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A. (b) Requesting Discovery. A party requesting discovery must provide

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR DISCOVERY AND APPOINTMENT OF COUNSEL - 2**

reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents. (c) Deposition Expenses. If the government is granted leave to take a deposition, the judge may require the government to pay the travel expenses, subsistence expenses, and fees of the moving party's attorney to attend the deposition. [1]

There is no absolute right to appointment of counsel in § 2255 proceedings. *Davenport v. United States*, No. 2:13-CR-0399-MCE-CKD-1, 2024 WL 4368232, at *1 (E.D. Cal. Oct. 1, 2024) citing *Irwin v. United States*, 414 F.2d 606 (9th Cir. 1969). Thus, Petitioner must meet the good cause standard as to why discovery should be allowed. Petitioner has failed to do so.

As this Court noted in its Memorandum and Order, the victim in the criminal case is not on trial and the Court has no jurisdiction or authority over him. (DKT 27, p. 3.) Petitioner continues to want to challenge the Court's restitution and forfeiture orders, neither of which can be brought in a § 2255 motion. *United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (holding a challenge to a forfeiture claim cannot be resolved via a § 2255 motion).

The proposed interrogatories, request for admissions and demand for productions submitted by Petitioner continue to focus on Kieth Sims. There are 588 requests, and they are directed to Kieth Sims and Kasco of Idaho, LLC. Based upon the language and changing fonts, it's as if the requests were cut and pasted from other documents drafted by attorneys. Perhaps it came from civil cases between Sims and Welch. The request for discovery does not go to whether Petitioner received effective counsel.

As outlined in the United States' original response to Petitioner's § 2255 motion, and in subsequent filings in response to the numerous motions and pleadings Welch has filed, Petitioner

---

[1] *See* https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/rules-governing-section-2254-and-section-2255-proceedings.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR DISCOVERY AND APPOINTMENT OF COUNSEL - 3**

received effective representation. The record is replete with Petitioner's satisfaction with her counsel, the consideration her counsel obtained for her as part of the plea agreement and the support for both the restitution amount and the forfeiture order. Further, the bulk of the other materials submitted with the instant motion seem to all have been provided to the Court previously, at either the restitution hearing or sentencing. Petitioner has failed to establish good cause to engage in discovery and thus the motion should be denied.

Petitioner has requested an attorney citing to her lack of legal knowledge. Appointment of counsel in section 2255 proceedings is governed by 18 U.S.C. § 3006A. That section provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Generally, counsel should be appointed "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). This case is not such a case, although Petitioner has been very active in filings with the Court, this is not a complex case. It was factually very simple; Petitioner stole money from her employer over the course of many years. An independent review by the victim's insurance provider, as well as by a trained financial investigator with the FBI, found overwhelming evidence of Petitioner's guilt, including tracing the money back to assets she had purchased. Petitioner's attorneys hired financial investigators who could not find validity to Petitioner's claims and fully investigated her claims. Petitioner received benefits of a plea agreement, admitted her guilt under oath, and after stating her satisfaction with her attorneys, acknowledged that her plea was of her own free will. A two-day restitution hearing was held, and the Court was presented with evidence and made its ruling. Since that time, Petitioner has

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION**
**FOR DISCOVERY AND APPOINTMENT OF COUNSEL - 4**

fought paying the restitution or complying with the forfeiture order in both criminal and civil filings. She now seeks to convert a § 2255 motion into some sort of civil discovery against the victim of the case. A denial of counsel is not a denial of due process. All of the responses which have been filed by the United States in the various cases and the Court's own Orders support a denial of Petitioner's Motion under these circumstances.

## CONCLUSION

The United States respectfully requests the Court deny Petitioner's Motion for Discovery and Appointment of Counsel for that discovery.

Respectfully submitted this 4th day of February, 2025.

> JOSHUA D. HURWIT
> UNITED STATES ATTORNEY
> By:
>
> *s/ Traci J. Whelan*
> TRACI J. WHELAN
> Assistant United States Attorney

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR DISCOVERY AND APPOINTMENT OF COUNSEL - 5**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY AND APPOINTMENT OF COUNSEL** was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

| | |
|---|---|
| Trina Marie Welch<br>P.O. Box 82<br>Saint Regis, MT 59866 | United States Mail, postage prepaid |

          *s/ Carin Crimp*
          Legal Assistant